UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MAXOTECH SOLUTIONS, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No.** |
| | § | |
| **PAMTEN, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

**ORIGINAL COMPLAINT FOR BREACH OF CONTRACT AND TORTIOUS
INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**

Plaintiff MaxoTech Solutions LLC ("Plaintiff" or "Maxotech") files this Original Complaint for Breach of Contract and Tortious Interference with Prospective Business Relations against Defendant PamTen, Inc. ("Defendant" or "PamTen"). In support, Plaintiff would show the Court the following:

**I.   PARTIES**

1. Plaintiff, Maxotech, is a Limited Liability Company that is organized under the laws of the State of Texas.

2. Defendant, PamTen, is a corporation doing business in Texas that is organized under the laws of the State of New Jersey and has its principal place of business in New Jersey. PamTen may be served with process by serving its President, Chaya Pamula, at 5 Independence Way, Suite 180, Princeton, New Jersey 08540, or wherever she may be found.

**II.   JURISDICTION AND VENUE**

3. The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding

interest and costs. Plaintiff is a citizen of Texas and Defendant is a citizen of New Jersey and Plaintiff anticipates its damages in this matter exceed $200,000, excluding interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and PamTen consented to venue in this district in the contract at issue in this case, the PamTen Agreement.

### III.    STATEMENT OF FACTS

5. MaxoTech is a provider of consulting services and information technology ("IT") services using Microsoft and other digital technologies. MaxoTech provides these services to small, midsized, and Fortune 500 companies located throughout the world.

6. On or about April 2018, MaxoTech and PamTen entered into a written "3rd Party Consulting Agreement ("the PamTen Agreement").

7. The PamTen Agreement provided for PamTen to supply MaxoTech with personnel candidates so MaxoTech could use directly with its own clients. Pursuant to the PamTen Agreement, PamTen supplied MaxoTech with Pradeep Karuvaril and Kiran Kumar Kasi.

8. MaxoTech utilized Karuvaril and Kasi in connection with services provided to one of MaxoTech's clients. In fact, for almost two years, MaxoTech and its clients entered into multiple written Statements of Work ("SOWs") relating to Karuvaril and Kasi. MaxoTech contracts with its clients directly through master services agreements and respective SOWs.

9. The most recent subject SOWs concerning Karuvaril and Kasi ended in late January 2020.

10. Despite this, and in violation of their respective written agreements with MaxoTech, it has been discovered that Karuvaril and Kasi, with the assistance of PamTen, have since continued to work with and directly provide services to MaxoTech's client.

11. Because PamTen is a supplier of IT personnel, and that personnel is in turn used by MaxoTech with its own client(s), the nature of the personnel supplier relationship is obviously one that requires compliance with confidentiality and protection from unauthorized solicitation or poaching.

12. The PamTen Agreement specifically provided in pertinent part:

> **10. <u>Non Solicitation/Non-Compete</u>**
>
> **a) During the term of this Agreement and for a period of twelve (12) months, as measured from the last occurrence of the date of the Assignment under a Work Order, Supplier and Supplier Personnel agree that they will not provide or attempt to provide, advise or assist others to take advantage of an opportunity to provide, any service to client (i) about which Supplier or Supplier Personnel has received information from or through MAXO hereunder; (ii) to which Supplier or Supplier Personnel has been introduced by or through MAXO hereunder; and/or (iii) to which Supplier or Supplier Personnel has provided services hereunder.**
>
> **b) The parties agree that a breach of this Section 10 may give rise to irreparable harm to MAXO has the right to seek equitable and injunctive relief, as well as to seek appropriate monetary damages from Supplier and/or Supplier Personnel in the event of a breach of this section.**

14. PamTen has breached this section of the PamTen Agreement.

15. The PamTen Agreement further expressly provided:

> **9. <u>Hiring of Personnel</u>**
>
> **a) During the term of this Agreement and for a period of twelve (12) months after its termination or completion of services hereunder, Supplier and Supplier Personnel agree that they will not solicit for hire or advise or assist others with the opportunity to do the same, any (i) employees or contractor of Client; (ii) employees or contractors of MAXO….**
>
> **c) The parties agree that a breach of this Section 9 may give rise to irreparable harm to the injured party and acknowledge that remedies other than injunctive relief may not be adequate. Accordingly, each**

>       **party has the right to seek equitable relief, as well as appropriate monetary damages.**

16. PamTen has also breached this section of the PamTen Agreement.

17. PamTen has breached additional sections of the PamTen Agreement, and done so intentionally and willfully.

18. PamTen conspired with Karuvaril, Kasi, and Lokesh Sukhadeo Sorate to violate the PamTen Agreement and SOWs, tortiously interfere with MaxoTech's client relationships, and continue to provide services to MaxoTech's client(s). Upon information and belief, there are additional individuals associated with PamTen that have assisted in this tortious conduct, and MaxoTech may amend the subject claims to include additional responsible parties as its investigation is completed.

19. MaxoTech made prior written demand upon PamTen and sent a cease and desist letter, which was ignored.

20. MaxoTech originally filed suit in this matter on May 5, 2020, in the 162nd Judicial District Court, Dallas County, Texas in Cause No. DC-20-06416. This original action was removed to this District on May 29, 2020, in Case No. 3:20-cv-01387-G. Upon agreement of the parties, the original action was dismissed without prejudice to provide the parties an opportunity to settle outside of court. The parties have been unable to reach a settlement, and this action is being filed.

## IV.   CAUSES OF ACTION

21. MaxoTech incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

### Count 1 – Breach of Contract

22. In a claim for breach of contract, the Plaintiff must show (a) there is a valid and enforceable agreement; (b) plaintiff performed, tendered performance of, or was excused from performing its

contractual obligations; (c) defendant breached the agreement and (d) defendant's breach caused plaintiff's injury.

23. MaxoTech entered into valid and enforceable agreement with PamTen.

24. MaxoTech performed under the PamTen Agreement. PamTen willfully breached numerous sections of the PamTen Agreement. Specifically, PamTen has violated the above-cited sections prohibiting non-solicitation and hiring of personnel.

25. As a direct and proximate result of PamTen's breach, MaxoTech has suffered damages, including lost business to MaxoTech's clients.

26. Further, MaxoTech's injury resulted from PamTen's willful and/or malicious conduct, which entitles MaxoTech to an award of exemplary damages under TEX. CIV. PRAC. & REM. CODE§ 41.003(a).

## Count 2 – Tortious Interference with Prospective Relations

27. There was a reasonable probability that MaxoTech would have entered into continued business relationship with its client had the tortious conduct of PamTen not occurred.

28. PamTen intentionally interfered with the relationship by soliciting MaxoTech's client, hiring at least one MaxoTech employee, contracting with MaxoTech's client, and/or otherwise providing services to a MaxoTech client. This conduct was improper and without authorization from MaxoTech.

29. As a proximate result of PamTen's interference, MaxoTech has suffered actual damages, loss of goodwill, and lost profits.

30. Further, MaxoTech's injury resulted from PamTen's willful and/or malicious conduct, which entitles MaxoTech to an award of exemplary damages under TEX. CIV. PRAC. & REM. CODE§ 41.003(a).

## V. CONDITIONS PRECEDENT

31. All conditions precedent to MaxoTech's right to bring the above causes of action, and for the recovery requested herein, have been performed or otherwise already occurred.

## VI. EXEMPLARY DAMAGES

32. MaxoTech is entitled to the recovery of exemplary damages for PamTen's willful and intentional conduct. Further, because such acts were committed with that level of mental culpability for which Texas law allows the imposition of punitive damages, MaxoTech seeks an award of such damages.

## VII. ATTORNEY'S FEES

33. As a result of PamTen's breach, MaxoTech retained an attorney and seeks reimbursement for its reasonable attorney's fees, as authorized by TEX. CIV. PRAC. & REM. CODE § 38.001.

## VIII. PRAYER

34. WHEREFORE, PREMISES CONSIDERED, MaxoTech requests PamTen be cited to appear and answer, and that upon final hearing, MaxoTech recover the following:

   a. MaxoTech be granted judgment against PamTen and awarded damages (including actual, incidental, treble, and consequential) within the jurisdictional limits of this Court;

   b. MaxoTech be granted judgment against Defendants for special damages (including loss of goodwill and lost profits);

   c. Defendants be disgorged all profits derived through their wrongful conduct made the subject of this suit;

   d. MaxoTech be granted judgment against Defendants for exemplary damages;

e. MaxoTech be granted judgment against Defendants for reasonable and necessary attorney's fees, costs of suit, including conditional appellate fees in the event this suit is appealed, and prejudgment and post-judgment interest; and

f. MaxoTech be granted such other and further relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, LLP**

By: */s/ Mark L. Hill*

MARK L. HILL
State Bar No. 24034868
Mark.hill@solidcounsel.com

2600 Network Blvd., Ste. 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Facsimile

ANNA REBECCA SKUPIN
State Bar No. 24084272
Becca.skupin@solidcounsel.com

200 N. Travis St., Ste. 402
Sherman, Texas 75090
(430) 262-5660 Telephone
(214) 472-2150 Facsimile

**ATTORNEYS FOR PLAINTIFF
MAXOTECH SOLUTIONS LLC**